* * * * * * * * * * *
The Full Commission reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Hall and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Hall.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. This matter was originally heard on July 28, 2000, by Deputy Commissioner John Hedrick, who left the Commission prior to the close of the record. The case was reassigned to Chief Deputy Commissioner Stephen Gheen, who filed an Opinion and Award on April 11, 2002. The plaintiff failed to file a notice of appeal within 15 days as required by N.C. Gen. Stat. § 97-85.
2. At the hearing before Deputy Commissioner Hall on June 16, 2005, the Deputy Commissioner heard the defendants' motion to dismiss. The plaintiff filed a request for hearing and appeared on her own behalf. The Deputy Commissioner explained to the parties that the hearing would be on the motion to dismiss the plaintiff's claim. The Deputy Commissioner also explained to the plaintiff that whether she would get another hearing on her claim would depend on the ruling on the motion to dismiss and any subsequent appeal from that ruling.
3. In support of the defendants' motion to dismiss, the defendants' counsel contended that the matter had been heard, a decision had been filed on April 11, 2002, and no appeal to the Full Commission had been filed in response to the April 11, 2002, Opinion and Award, therefore, the case should be dismissed for failure to appeal within the time allowed and on the doctrine ofres judicata.
4. The plaintiff acknowledged before the Deputy Commissioner that this matter had been to a hearing. The plaintiff stated that she had rights under the Workers' Compensation Act and wanted to pursue her rights. The Deputy Commission explained to the plaintiff that all parties to a workers' compensation claim have rights and that the Workers' Compensation Act and rules apply to all parties equally. The plaintiff indicated there were problems with her prior counsel of record, and the Deputy Commission explained that there were other forums for her to resolve issues she may have with her prior attorney.
5. The Full Commission finds that the plaintiff failed to file a notice of appeal from the April 11, 2002 Opinion and Award of Chief Deputy Gheen within 15 days, as required by N.C. Gen. Stat. § 97-85 and Workers' Compensation Rule 701. Thus, the Full Commission finds that the dismissal of this action with prejudice is an appropriate and necessary remedy that is warranted under Rule 613 of the North Carolina Workers' Compensation Rules.
 * * * * * * * * * * *
Based upon these foregoing Findings of Fact, the undersigned makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff failed to file a notice of appeal within 15 days as required by N.C. Gen. Stat. § 97-85 and Workers' Compensation Rule 701.
2. Dismissal of this action with prejudice is an appropriate and necessary remedy that is warranted under Rule 613 of the North Carolina Workers' Compensation Rules.
 * * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 AWARD
1. The plaintiff's claim must be, and is hereby, DISMISSED WITH PREJUDICE.
2. The parties shall bear their own costs in this action.
This 30th day of January 2006.
 S/_________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/_____________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_________________ DIANNE C. SELLERS COMMISSIONER